FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 21 2026

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>Byron Sherrod Rainer | Criminal Action<br>No. 1:26-mj-999 |

**Government's Motion for Detention**

The United States of America, by counsel, Theodore S. Hertzberg, United States Attorney, and Katherine I. Terry, Assistant United States Attorney for the Northern District of Georgia, moves for detention under 18 U.S.C. §§ 3142(e) and (f).

**1. Eligibility of Case**

This case is eligible for a detention order because this case involves:

☑ A crime of violence (18 U.S.C. § 3156);

☐ 18 U.S.C. § 1591 violation;

☑ An offense listed in 18 U.S.C. § 2332b(g)(5)(B) with 10+ year maximum term of imprisonment;

☐ An offense having a maximum sentence of life imprisonment or death;

☐ A drug offense having a maximum term of imprisonment of 10 years or more;

☐ Any felony, if the defendant has been convicted of two or more offenses described above or two or more state or local offenses that would have

been offenses described above if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses;

☐ Any felony involving a minor that is not otherwise a crime of violence;

☐ Any felony that is not otherwise a crime of violence but which involves the possession/use of a firearm, destructive device, or any other dangerous weapon;

☐ Any felony that is not otherwise a crime of violence but which involves a failure to register under 18 U.S.C. § 2250;

☑ A serious risk that the defendant will flee;

☐ A serious risk that the defendant will obstruct or attempt to obstruct justice;

☐ A serious risk that the defendant will threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.

**2. Reason for Detention**

The Court should detain defendant because there are no conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

**3. Rebuttable Presumption Under 18 U.S.C. § 3142(e)(3)**

☑ The United States will invoke the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community pursuant to 18 U.S.C. § 3142(e)(3). The presumption applies because there is probable cause to believe that the defendant committed:

☐ A drug offense having a maximum term of imprisonment of 10+ year drug offense.

☐ An offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b violation.

☑ An offense listed in 18 U.S.C. § 2332b(g)(5)(B) with 10+ year maximum term of imprisonment.

☐ An offense involving peonage, slavery, or trafficking in persons with 20+ year maximum term of imprisonment as set forth in section 77 of Title 18.

☐ An offense involving a MINOR victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

**4. Rebuttable Presumption Under 18 U.S.C. § 3142(e)(2)**

☐ The United States will invoke the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(2). The presumption applies because:

This case involves an offense described in 18 U.S.C. § 3142(f)(1) and

(a) the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3141(f)(1) or of a state or local offense that would have been an offense described in 18 U.S.C. § 3141(f)(1) if a circumstance giving rise to federal jurisdiction had existed;

(b) the offense described above in subparagraph (a) was committed while the defendant was on release pending trial for a federal, state, or local offense; and

(c) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described above in subparagraph (a), whichever is later.

**5. Time for Detention Hearing**

☐ The United States requests the Court conduct the detention hearing at initial appearance.

☑ The United States requests the Court conduct the detention hearing after a three-day continuance.

The United States requests leave of Court to supplement this motion with additional grounds or presumptions for detention.

Dated: September 21, 2026

Respectfully submitted,

THEODORE S. HERTZBERG
United States Attorney

Katherine I. Terry

Katherine I. Terry
Assistant U.S. Attorney
Georgia Bar No. 229887

Richard Russell Federal Building
75 Ted Turner Drive S.W., Suite 600
Atlanta, Georgia 30303-3309
Phone: (404) 581-6000
Fax: (404) 581-6181

## Certificate of Service

I served this document today by handing a copy to defense counsel.

Dated: September 21, 2026

*Katherine I. Terry*

KATHERINE I. TERRY
Assistant U.S. Attorney